21-CV-3962 (DG) (LG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANNA LYSIUS, on behalf of A.C.,

Plaintiffs,

-against-

NEW YORK CITY LAW DEPARTMENT, et al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Copatrick Thomas*
*Tel: (212) 356-0885*

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 1

ARGUMENT ..... 5

LEGAL STANDARD ..... 5

POINT I ..... 6

Multiple Defendants Have Not Been Served ..... 6

POINT II ..... 7

The Complaint Fails to Satisfy Applicable Pleading Requirements ..... 7

POINT III ..... 8

Plaintiff Fails to Allege the Personal Involvement of Multiple Defendants ..... 8

POINT IV ..... 10

Plaintiff Fails to Allege a Basis for Municipal Liability as against DOE ..... 10

POINT V ..... 11

Plaintiff Fails to State a First Amendment Retaliation Claim ..... 11

POINT VI ..... 12

The New York City Law Department Is not a Suable Entity ..... 12

POINT VII ..... 12

As Plaintiff Is not Represented by an Attorney, She May Not Proceed on Behalf of Her Minor Child, A.C. ..... 12

CONCLUSION ..... 14

## PRELIMINARY STATEMENT

Defendants New York City Law Department, New York City Department of Education ("DOE"), Chancellor Meisha Porter, Frank DiFranco, and Kerri Moser submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) to dismiss the Complaint filed July 13, 2021.

In her Complaint (ECF No. 1), Plaintiff Dianna Lysius appears to allege that she made various complaints against DOE employees (which are still pending), and that, in response to these complaints, certain DOE employees retaliated against Plaintiff and her minor son, A.C. ("the Student"). Plaintiff appears to assert unspecified claims under 42 U.S.C. § 1983, and seeks an order of protection from the Court. Plaintiff does not appear to seek any monetary damages.

As explained more fully below, ten of the fifteen Defendants named in this action have not been served, thus depriving the Court of personal jurisdiction over those individuals. In addition, the Complaint fails to satisfy the applicable pleading requirements, and Plaintiff fails to allege the personal involvement of several Defendants. Plaintiff also fails to allege a basis for municipal liability as against DOE, and cannot maintain an action against the New York City Law Department, as it is not a suable entity. Finally, Plaintiff fails to state a claim on which any relief can be granted, including that she has failed to set forth a First Amendment retaliation claim, the only discernable claim that she appears to assert.

For these reasons, the Court should dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6).

## STATEMENT OF FACTS

### A. Complaint filed July 13, 2021

While the allegations in the Complaint are not at all clear, Plaintiff appears to allege that she has made various complaints against DOE employees (which are still pending),

and that, in response to these complaints, certain DOE employees retaliated against Plaintiff and her son, A.C. (the "Student").

By Complaint filed July 13, 2021 (ECF No. 1), Plaintiff alleges that the Student was "threatened to be killed." *Id.* ¶ II.D. She goes on to specify that Defendant DiFranco allegedly threatened to "hang" the Student "as a result of pending investigations into the abuse[ ] that violated [the Student's] civil rights." *Id.* ¶ III.C. Plaintiff also appears to allege that some unspecified person accused the Student of perpetrating a racist attack. *Id.* ¶ III.B.

As apparent background into the "pending investigations," Plaintiff further alleges that the Student's coat was stolen "for a month" by Defendants Berger and DiFranco, and that DiFranco allegedly adjusted two of the Student's grades downwards. *Id.* ¶ IV.

Plaintiff appears to assert unspecified claims under 42 U.S.C. § 1983, and seeks an order of protection from the Court. Complaint ¶ II.B, V. Plaintiff does not appear to seek any monetary damages. *Id.*

Notably, although Plaintiff names Defendants Dellaborie-Miglino, Freeman, Ittah, Lees, Leigh, and Viscio as Defendants in this action, none of these individuals is mentioned in the body of the Complaint, the attachment to the Complaint, or any of the exhibits to the Complaint. *See generally* Complaint (ECF No. 1), Attachment to Complaint (ECF No. 1-5), and Exhibits (ECF Nos. 1-2, 1-3, 1-4). Moreover, while Defendant Edwards is mentioned in the attachment to the Complaint, Plaintiff fails to make any allegations against Edwards. *See* Attachment to Complaint at 1. Plaintiff states only that she "has a great relationship with" Edwards. *Id.*

**B. Attachment to the Complaint (ECF No. 1-5)**

Plaintiff submits an attachment to the Complaint (ECF No. 1-5), which contains additional allegations and a letter from the principal of J.H.S. 278 Marine Park, Defendant Moser.[1] In the attachment, Plaintiff briefly elaborates on her claim of "pending investigations," explaining that "there are 5 pending investigations w[h]ere my son's grades were changed, attendance, denied [illegible] lunch, school bag and coat stolen, etc., all at the direction of [Defendant] Mr. DiFranco." *Id.* at 1. Appearing to reference the pending investigations, Plaintiff alleges that Defendants Bove and Moser tried to convince her to remove the Student from his school because "if a child is removed/transferred, the entire case is dismissed." *Id.* Plaintiff also elaborates on allegations concerning the purported threat made by Defendant DiFranco. In particular, Plaintiff alleges that DiFranco changed the Student's username or password from "A.C." to "HANG AC." *Id.* at 2. Plaintiff alleges that DOE did not investigate the "death threats" allegedly made by DiFranco. *Id.*

The attachment to the Complaint also contains further statements in connection with the allegation that the Student was accused of making racist attacks. In particular, Plaintiff alleges that Defendant DiFranco "falsely accused [the Student] of [verbally] attacking several Asian children." *Id.* at 3. In addition, Plaintiff makes allegations that are not in the Complaint, alleging that, on one occasion, Defendant Sakariasen purposely spat on the Student's face while Sakariasen was shouting at the Student. *See id.* at 3.

---

[1] The related letter, which does not appear to be directly related to Plaintiff's claims in this action, is a July 9, 2021 letter from Defendant Moser. The letter explains that Plaintiff allegedly created a disturbance in the presence of children that required the intervention of school safety agents. The letter asserts that this was not the first time that Plaintiff had done so. The letter then sets forth the conditions on which Plaintiff can enter the school in the future, conditions which the principal deemed necessary to maintain a "safe and orderly environment."

**C. Exhibits to the Complaint (ECF Nos. 1-2, 1-3, 1-4)**

Plaintiff also attaches various exhibits to the Complaint. It is unclear what, if any, relationship the exhibits bear to the allegations int the Complaint.

The exhibits include the DOE Chancellor's Regulations on corporal punishment and verbal abuse, and related forms (ECF Nos. 1-2 and 1-3). The exhibits also include what appear to be documents from a DOE Office of Investigation ("OSI") investigative file (ECF No. 1-4). The documents from the investigative file, which are discussed in greater detail below, consist of: (i) an OSI Report of Investigation (ECF No. 1-4 at 1-5, 13); (ii) a Written Statement Form purportedly completed by Defendant Sakariasen (ECF No. 1-4 at 6-7); (iii) a second Written Statement Form indicating that the Student refused to write a statement, and related, handwritten interview notes purportedly made by Defendant DiFranco (ECF No. 1-4 at 8-10); (iv) a completed School-Based Investigative Checklist form (ECF No. 1-4 at 11); (v) an OSI intake form (ECF No. 1-4 at 12); and (vi) an OSI determination letter (ECF No. 1-4 at 14).

In general, the documents from the investigative file show that DOE conducted an investigation into allegations made by Plaintiff against Defendant Sakariasen. *See generally* ECF No. 1-4. The OSI intake form (ECF No. 1-4 at 12) includes, among other things, the reason for the investigation: "Ms. Lysius states that her child [A.C.] was made to feel 'bullied, isolated, and intimated during lunch.' This occurred when Ms. Sakariasen has 'called him over the loudspeaker.'"

Similarly, the OSI Report of Investigation (ECF No. 1-4 at 1-5, 13) states, in relevant part, that "[Plaintiff] reported to the school that . . . [Defendant] Ms. Sakariasen bullied, intimidated, and isolated her son." It further shows that Defendant DiFranco investigated the allegations and concluded that they were unsubstantiated.

The first Written Statement Form (ECF No. 1-4 at 6-7) includes a written statement purportedly made by Defendant Sakariasen. In the statement, Sakariasen denies that she ever embarrassed, intimated, or bullied the Student.

The handwritten notes purportedly made by Defendant DiFranco (ECF No. 1-4 at 8-10) concern a conversation between DiFranco and the Student. The notes indicate, in relevant part, that the Student stated to DiFranco that he was comfortable remaining in the school cafeteria, that Defendant Sakariasen did not try to intimidate him, that he was never bullied in the cafeteria, and that Defendant Sakariasen never bullied him. The handwritten notes also indicate that DiFranco asked the Student to prepare a written statement, but that the Student responded that he would not do so because "my mother doesn't want me to write them anymore." *See* ECF No. 1-4 at 8.

Finally, the OSI determination letter (ECF No. 1-4 at 14) shows that the investigation into the matter was closed on or about October 28, 2019.

For the reasons set forth below, the Court should dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6).

## ARGUMENT

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (internal quotes omitted). Still, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

At a minimum, then, the pleading must set forth sufficient information for the court to determine whether the allegations support some recognized legal theory. *Spinale v. USDA*, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) (citing *Teletronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 836 (S.D.N.Y. 1988)), *aff'd*, 356 F. App'x 465 (2d Cir. 2009). Thus, bare "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" "'naked assertion[s] devoid of 'further factual enhancement,'" or allegations that "do not permit the court to infer more than the mere possibility of misconduct" cannot, in and of themselves, state a plausible claim. *See Iqbal*, 550 U.S. at 678–79 (alterations in original) (quoting *Twombly*, 550 U.S. at 555). Further, while *pro se* pleadings are to be construed liberally and read to raise the strongest arguments that they suggest, *see, e.g., Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), this does not relieve *pro se* plaintiffs of the requirement of providing enough facts to "nudg[e] their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

## POINT I

## MULTIPLE DEFENDANTS HAVE NOT BEEN SERVED

It is axiomatic that lack of service deprives a court of personal jurisdiction over the defendant. In this case, ten of the fifteen named Defendants have not been served. *See* ECF

Nos. 7-21.[2] The Defendants who have not been served are Defendants Berger, Bove, Dellaborie-Miglino, Edwards, Freeman, Ittah, Lees, Leigh, Sakariasen, and Viscio. Although, for each of these Defendants, service was apparently attempted at the New York City Law Department (100 Church Street) and/or the Student's school (J.H.S. 278 Marine Park), service was never effected. *See id.* Moreover, to the extent that service on the Law Department was attempted, such service would not have been effective as against the individually-named Defendants, as the Law Department does not currently represent any of these individuals. *See* Fed. R. Civ. P. 4(e) (setting forth means for properly serving an individual within a judicial district of the United States); C.P.L.R. § R2103(b), (c). Accordingly, the Court presently lacks personal jurisdiction over the Defendants who have not been served.

## POINT II

## THE COMPLAINT FAILS TO SATISFY APPLICABLE PLEADING REQUIREMENTS

In addition, Plaintiff fails to satisfy the applicable pleading requirements. As set forth above, bare "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" "'naked assertion[s]' devoid of 'further factual enhancement,'" or allegations that "do not permit the court to infer more than the mere possibility of misconduct" cannot, in and of themselves, state a plausible claim. *See Twombly*, 550 U.S. at 678-79.

In this case, the Complaint fails to satisfy the applicable pleading requirements. Although the Complaint contains some specific allegations concerning the Defendants, it is not

[2] Although Defendant Meisha Porter was not served in this action, she appears to have been sued in her official capacity as Chancellor of DOE. Accordingly, and because DOE has itself already been served in this action, Chancellor Porter waives service in this action.

clear which allegations are asserted as a basis for relief in this action.[3] For example, while Plaintiff alleges that Defendant DiFranco adjusted two of the Student's grades downwards, it is unclear whether Plaintiff makes this allegation in order to provide factual background, or instead makes this allegation in furtherance of a claim. Defendants are left to speculate about which facts are asserted in support of Plaintiff's claims, and also left to speculate about which claims are being asserted against them. As a result, Defendants are not reasonably apprised of the allegations/claims against them, and Plaintiff fails to satisfy the applicable pleading requirements.

## POINT III

## PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF MULTIPLE DEFENDANTS

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Where a plaintiff fails to allege how a particular defendant was personally involved in any of the action or inaction that led to an alleged violation of the plaintiff's constitutional or federal rights, dismissal as to that defendant is warranted. *Hemmings v. Gorczyk*, 134 F.3d 104, 109 n.4 (2d Cir. 1998); *Tavares v.*

[3] Defendants note that Plaintiff has commenced a related proceeding in state court, which is currently pending. On March 26, 2021, Plaintiff commenced an Article 78 proceeding in the Supreme Court of New York, County of Kings (No. 507380/2021), naming the New York City Law Department and DOE as Respondents. Plaintiff alleges that DOE failed to properly investigate Plaintiff's OSI complaints, and seeks reversal of the OSI's determination letter filed in this federal action (*see* ECF No. 1-4 at 14). Plaintiff also seeks a writ of mandamus to compel OSI to investigate Plaintiff's five pending OSI complaints.

*City of N.Y.*, No. 09 Civ. 3499, 2010 U.S. Dist. LEXIS 80227, at *11 (S.D.N.Y. Mar. 12, 2010) ("A complaint should be dismissed against a defendant when it contains no allegations indicating how the defendant violated the law or injured the plaintiff.") (internal quotations omitted); *Schwartz v. Dennison*, 518 F. Supp. 2d 560, 573 n.11 (S.D.N.Y. 2007) (no personal involvement found where complaint was devoid of allegations "from which it can be reasonably inferred that [the three defendants] created, or allowed to continue, [an unconstitutional] policy").

In this case, Plaintiff appears to assert section 1983 claims against the Defendants. However, as explained above in the recitation of facts, Plaintiff fails to allege the personal involvement of multiple Defendants. Indeed, although Plaintiff names Defendants Dellaborie-Miglino, Freeman, Ittah, Lees, Leigh, and Viscio as Defendants in this action, none of these individuals is mentioned in the body of the Complaint, the attachment to the Complaint, or any of the exhibits to the Complaint. *See generally* Complaint (ECF No. 1), Attachment to Complaint (ECF No. 1-5), and Exhibits (ECF Nos. 1-2, 1-3, 1-4). Moreover, while Defendant Edwards is mentioned in the attachment to the Complaint, Plaintiff fails to make any allegations against Edwards. *See* Attachment to Complaint at 1. Plaintiff states only that she "has a great relationship with" Edwards. *Id.*

As Plaintiff fails to allege the personal involvement of Defendants Dellaborie-Miglino, Edwards, Freeman, Ittah, Lees, Leigh, and Viscio, or for that matter, any act or omission on their part, any claims against them must be dismissed.

## POINT IV

## PLAINTIFF FAILS TO ALLEGE A BASIS FOR MUNICIPAL LIABILITY AS AGAINST DOE

Any § 1983 claims against DOE must be dismissed, as Plaintiff fails to allege a basis for municipal liability. A municipality is liable pursuant to § 1983 only when a municipal "'policy or custom' caused a plaintiff to be deprived of a federal right." *L.A. Cty. v. Humphries*, 562 U.S. 29, 32-33 (2010) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Accordingly, a plaintiff must allege that he was injured as a result of an official municipal policy, practice or custom, such as "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). In seeking to demonstrate the required municipal conduct, a "[p]laintiff cannot infer a policy from the alleged violation of his [or her] own civil rights." *Anderson v. City of New York*, 657 F. Supp. 1571, 1574 (S.D.N.Y. April 24, 1987). In addition, because the doctrine of *respondeat superior* does not apply to § 1983 claims, a municipality may not be held vicariously liable for the actions of City employees who lack policymaking authority. *Connick*, 563 U.S. at 60; *Monell, 436 U.S. at 691.*

As explained more fully below, Plaintiff has not alleged any constitutional violation. This alone is a sufficient basis on which to dismiss any claims against DOE. *Hardy v. City of New York*, 732 F. Supp. 2d 112, 145 (E.D.N.Y. 2010) (without having adequately established an underlying constitutional violation, plaintiff could not establish a City custom or policy that led to any violation). Even assuming that Plaintiff alleges a constitutional violation (which she does not), Plaintiff fails to allege that any alleged injury was caused by DOE or City

policy. Indeed, Plaintiff does not even mention or refer to the existence of policy, practice, or custom, much less one that allegedly caused her any harm. At most, the Complaint describes isolated incidents that occurred in spite of, not as a result of, DOE or City policies. Plaintiff also fails to allege that any injury was caused by the deliberate conduct of some person acting with policymaking authority.

Accordingly, Plaintiff fails to allege a basis for municipal liability, and any § 1983 claims against DOE must be dismissed.

## POINT V

## PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM

To state a First Amendment retaliation claim, a plaintiff must allege that "(1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (internal citation omitted). An adverse action is "retaliatory conduct . . . [that] would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001); *see also Francis v. City of New York*, 2019 U.S. Dist. LEXIS 48329, at *8 (S.D.N.Y. Mar. 20, 2019).

In this case, Plaintiff appears to allege that she made various complaints against DOE employees (which are still pending), and that, in response to these complaints, certain DOE employees retaliated against Plaintiff and the Student. These allegations may be construed to assert a First Amendment retaliation claim. However, Plaintiff fails to assert a viable retaliation claim because she fails to allege, among other things, a causal connection between (i) protected

conduct (*i.e.*, Plaintiff's decision to file or pursue complaints against DOE employees) and (ii) any adverse action allegedly taken by Defendants. Accordingly, Plaintiff fails to state a retaliation claim, and the Complaint should be dismissed.

**POINT VI**

**THE NEW YORK CITY LAW DEPARTMENT IS NOT A SUABLE ENTITY**

Any claims against the New York City Law Department must be dismissed, as it is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17 § 396. Based on this provision, courts have routinely held that the Law Department is not a suable entity and actions against it must therefore be dismissed. *See, e.g.*, *Bogart v. N.Y. City Law Dep't*, 2001 U.S. Dist. LEXIS 21919, at *8 (S.D.N.Y. Dec. 20, 2001) (citing New York City Charter ch. 17, § 396) ("The Law Department is not a suable entity.").

In this case, Plaintiff names the Law Department as a Defendant. As the Law Department is not a suable entity, any claims against it must be dismissed.

**POINT VII**

**AS PLAINTIFF IS NOT REPRESENTED BY AN ATTORNEY, SHE MAY NOT PROCEED ON BEHALF OF HER MINOR CHILD, A.C.**

"[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). The Court "has a duty to enforce the Cheung rule *sua sponte*, for the infant is always the ward of every court wherein his right or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Wenger v. Canastota Cent.*

*Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). "Before dismissing the child's claims on this ground alone," however, "a district court must determine whether it is necessary for the court to appoint counsel for the child." *A.M. v. New York City Dep't of Educ.*, 840 F. Supp. 2d 660, 675-76 (E.D.N.Y. Jan. 17, 2012) (citing *Wenger*, 146 F.3d at 125). "[A]ppointment of counsel is not required 'when it is clear no substantial claim might be brought on behalf of such a party.'" *Id.* (quoting *Wenger*, 146 F.3d at 125); *see also, e.g.*, *Mills v. Fischer*, 2010 U.S. Dist. LEXIS 8076, at *4 (W.D.N.Y. Jan. 29, 2010) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)) ("appointment should only be made where the allegations raise a claim which is likely to be of substance").

In this case, Plaintiff purports to bring this action on behalf of her minor child, A.C. (the Student). *See* Complaint ¶ II.B (alleging that "my child['s] civil rights . . . ha[ve] be[en] violated."); *id.* ¶ V (seeking "a stay from any civil right[s] violations against my son"); *see also id.* ¶ III.C (alleging that A.C. is 11 years old). As Plaintiff is not represented by an attorney, however, she may not proceed on behalf of the Student. *Cheung*, 906 F.2d at 61. Indeed, this Court expressly stated in its July 19, 2021 Order (ECF No. 5) that "Plaintiff is advised that she may not bring claims on behalf of her child without representation by counsel." Moreover, for all of the reasons described above, the Student does not have any "substantial claim" against the Defendants, and the appointment of counsel for the Student is not warranted in this case. *See, e.g., A.M.*, 840 F. Supp. 2d at 676. For this reason also, the claims in this action must be dismissed.

**<u>CONCLUSION</u>**

For all the reasons set forth above, Defendants respectfully request that their motion to dismiss the Complaint be granted, that this action be dismissed in its entirety with prejudice, and that the Court grant Defendants such other and further relief as it deems just and proper.

Dated: New York, New York
September 27, 2021

**GEORGIA M. PESTANA**
Corporation Counsel of the
City of New York
*Attorney for Defendants New York City Law Department, New York City Department of Education, Chancellor Meisha Porter, Frank DiFranco, and Kerri Moser*
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-0885

By: /s/
Copatrick Thomas
Assistant Corporation Counsel