7/20/22 BP

**DOCKET#: 2021 - CV - 3962**

RECEIVED IN PRO SE OFFICE
JULY 21, 2022 @ 1:14 AM
VIA BOX.COM

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**DIANNA LYSIUS, on behalf of AC**

**Plaintiffs,**

**NYC LAW DEPT, on behalf Respondents (NYCDOE)**

**RE: WITHDRAWAL OF COMPLAINT WITHOUT PREJUDICE**

**(THIS IS NOT A DISMISSAL OF ALLEGATIONS ALLEGED)**

**PLEASE TAKE NOTICE** that, pursuant to all rights afforded to a person under the United States Constitution, under Federal Rules of Procedure, I Dianna Lysius, acting on behalf of my minor child A.C., hereby withdraws the complaint filed under docket# 2021 – CV – 3962 without prejudice. I am ONLY WITHDRAWING THE CLAIMS on this day, July 20, 2022.

All the claims alleged against the defendants, as well as additional defendants that were not named or summoned (Ms. Maglino, Ms. Wolf, Ms. Cedeno, Mr. Ryan, Ms. Kieran, Mr. Abraham, any others) will be addressed in the future. **Withdrawing** the complaint **WITHOUT PREJUDICE** allows for my minor child to present ALL claims alleged in the future as the time will be **TOLLED** until he becomes 18 years of age; August 12, 2026. At that time, A. C. will have the opportunity to exercise his Civil Rights and express how he was discriminate amongst other children and abused by City of New York Dept of Education employees with full knowledge of the Federal & State Courts and the commission of corruption while I tried to obtain legal representation for both myself & minor child.

As noted, on record, I was directed by the courts to receive assistance from Jean Soo Park, Director of Federal Pro Se Legal Assistance Project, for The City Bar Justice. During our meeting I was deliberately misguided by Mrs. Soo Park who stated she made a mistake when providing me with guidance/information to prepare the amended complaint. Please note during a recorded a 47-minute conversation Ms. Soo Park confirmed she knew exactly how I needed to proceed and assured she would provide a template/sample so I can follow to amend my complaint. Mrs. Soo Park also confirmed that she read the court file and understood exactly how Judge Bloom is directing me to amend the complaint without an attorney as a pro se litigant without an attorney. However, the template provided was of a previous complaint filed by an attorney which I did not understand at that point because I did not have an attorney and Judge Bloom you stated this clearly in your order when directing The City Bar Justice. I found if very peculiar that an intern was not part of the conversation but was included on the day Ms. Soo Park finally contacted me to discuss my draft when she informed me that she made a mistake when

providing a sample of the amend template. Instead, Ms. Jean Soo Park following your order Judge Bloom, she done the the total opposite; hindered me from amending a timely complaint.

Such actions led to additional time granted by the Courts to obtain legal representation for my minor child A.C. I made several attempts, to include, obtaining representation from an attorney who was soon contacted by the City of New York and threatened that he should not represent me in the manner, and if he did, he too will face repercussions such as request for attorney fees for filing a frivolous complaint. In addition, the party from the City of New York who contacted the then possible attorney, that my child was failing in school which was a false statement and my son grades attached proves the statement was false.

I also receive an email from Mr. Erick Proshanky, attorney for the City of New York who is known for suing individuals for legal fees for filing frivolous complaints. The email was an intimidation tactic by an attorney who can and will be reported accordingly to the Federal Courts for trying to deny me access to exercise my Civil Rights in a Judicial Setting should he think I will allow such. An intimidation tactic that I am not afraid of, nor will I allow for ANY JUDGE (State/Federal) to agree that the allegations alleged in the complaint are frivolous. I have statements written from Ms. Kerri Moser, Principal at Marine Park Junior High School against myself and my minor child that are false and can and will be proven with VIDEO RECORDINGS among many things that will confirm that my allegations are NOT FRIVILOUS.

With the continued abuse by the City of New York in conjunction with lawyers and JUDGES to include JUDGES which I have yet to expose but will shortly, I realize that withdrawing the complaint and allowing for my son to address the matter in the future is best decision for us both.

Please note that I am NOT DISMISSING THE ALLEGATIONS but WITHDRAWING all allegations at this present time without prejudice.

**DO NOT SEAL THIS LETTER FROM THE PUBLIC**.

Thank you

Dianna Lysius 7/20/2022

**At an IAS Term, Part 7 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, NY, on the 18th day of October 2021.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
---------------------------------------------------------------X
**D.L. et al,**
**Petitioner,**

**-against-**

**NEW YORK CITY LEGAL DEPARTMENT, et al,**
**Respondents.**
---------------------------------------------------------------X

**Index No. 507380/2021**

**DECISION & ORDER**

**Hon. Rosemarie Montalbano**

Recitation, as required by CPLR §2219 [a], of the papers considered in the review of the petitioner's order to show cause:

| Papers | NYSCEF Numbered |
|---|---|
| Petition and Affidavit ........................................... | 1-8 |
| Answering Affidavits.............................................. | 14-19 |
| Replying Affidavits................................................ | 33-40 |

After oral argument and a review of the submissions herein, the Court finds as follows:

Petitioner brings this special proceeding seeking judicial intervention in reference to an investigation conducted by the Office of Special Investigations of the New York City Department of Education regarding OSI Case Number 19-10169X and for discovery. Respondents interposed an answer, asserting that the petition is improper as a mater of law and should be dismissed.

With regard to petitioner's motion seeking discovery, "Under CPLR article 78, a petitioner is not entitled to discovery as of right but must seek leave of court pursuant to CPLR § 408…. Because discovery tends to prolong a case and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for

such relief." (*Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Services*, 253 AD2d 8, 15 [2d Dept 1999]).

Petitioner failed to seek leave to conduct discovery. Petitioner also failed to demonstrate the need for such relief. Petitioner's requested relief seeking the court compel respondents to conduct discovery is DENIED.

The petition primarily seeks that the court intervene in a matter in which a final determination was reach on March 11, 2020.

A petitioner who seeks article 78 review of a determination must commence the proceeding "within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]). An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be ... significantly ameliorated by further administrative action or by steps available to the complaining party" (*Walton v New York State Dept. of Correctional Services*, 8 NY3d 186, 194 [2007]).

Shorly after petitioner's claim arose, the governor of New York State issue an Executive Order Executive Order 202.8 stating in pertinent part "[i]n accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof,

is hereby tolled from the date of this executive order until April 19, 2020." Successive orders tolled such matters to November 2, 2020.

Given the tolling periods, petitioner had until approximately February 23, 2021, to bring this present action. The petition here was filed on March 26, 2021, twenty-nine (29) days after the statute of limitations expired. The present action is untimely.

Accordingly, the petition is time barred and dismissed in its entirety. The foregoing shall constitute the decision and order of this court.

**Dated: October 18, 2021**
**Brooklyn, NY**

**Hon. Rosemarie Montalbano**
**J. S. C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------- x

In the Matter of the Application of

D.L., on behalf of A.C.,

Petitioners,

For Judgment Pursuant to Article 78 of the Civil Practice Law and Rules

-against-

New York City Law Department, New York City Department of Education, Frank DiFranco, Rochelle Berger, Caitlin Viscio, Linda Sakariasen, Ilene Lees, Jennifer Ittah,

Respondents.

------------------------------------------------------------------- X

**RESPONDENTS' VERIFIED ANSWER**

Index No. 507380/2021

Respondents New York City Law Department ("Law Department"), New York City Department of Education (DOE), Frank DiFranco, Rochelle Berger, Caitlin Viscio, Linda Sakariasen, Ilene Leess, and Jennifer Ittah[1] (collectively, "Respondents"), by their attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, hereby answer the Verified Petition ("Petition") and respectfully allege as follows:

1. Upon information and belief, admit the allegations set forth in paragraph "1" of the Petition.

2. Deny the allegations set forth in paragraph "2" of the Petition, except admit that Petitioner names the New York City Law Department as a respondent in the Petition.

---

[1] Although individual respondents Frank DiFranco, Rochelle Berger, Caitlyn Viscio, Linda Sakariasen, Ilene Lees and Jennifer Ittah are implicated in Petitioner's *Request for Judicial Intervention* (Dkt. No. 8), only the New York City Law Department and the New York City Department of Education are named in the Verified Petition (Dkt. No. 1).

3. Deny the allegations set forth in paragraph "3.1"[2] of the Petition, except admit that Petitioner purports to proceed as set forth therein and affirmatively state that the referenced Office of Special Investigations (OSI) Case Number is 19-10169X.

4. Deny the allegations set forth in paragraph "3.2" of the Petition, except admit that Petitioner purports to seek relief as requested therein and affirmatively state that the reference OSI Case Number is 19-10169X.

5. Deny the allegations set forth in paragraph "3.3" of the Petition.

6. Deny the allegations set forth in paragraph "3.4" of the Petition, except admit that Petitioner purports to seek relief as requested therein.

7. Deny the allegations set forth in paragraph "3.5" of the Petition, except admit that Petitioner purports to seek relief as requested therein.

8. Deny the allegations set forth in paragraph "3.6" of the Petition.

9. Deny the allegations set forth in paragraph "4" of the Petition, except admit that Petitioner attached exhibits to the Petition.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Petition.

11. Deny the allegations set forth in paragraph "6" of the Petition, except admit that Petitioner purports to seek relief as requested therein.

[2] For the Court's convenience, Respondents have added numbered paragraphs to the Petition, which is appropriately referenced herein. A copy of the Petition with the paragraphs indicated is annexed hereto as Exhibit "A."

**AS AND FOR A STATEMENT OF THE PERTINENT AND MATERIAL FACTS, RESPONDENTS RESPECTFULLY ALLEGE**

**A. The Office of Special Investigations (OSI)**

12. OSI is a DOE entity that investigates complaints of abuse within DOE's public schools. *See* Affirmation of Ilene A. Lees in support of Respondents' Verified Answer ("Lees Affirmation"), at ¶ 1.

13. Chancellor's Regulation (CR) A-421 "defines and prohibits the verbal abuse of students and sets forth the reporting and investigative requirements for allegations of verbal abuse."[3] CR A-421 at p. 1. CR A-421 defines verbal abuse as:

> language (written or oral) about or directed toward students, that belittles, embarrasses or subjects students to ridicule; or [h]as or would have the effect of unreasonably and substantially interfering with a student's educational performance or ability to participate in or benefit from an educational program, school-sponsored activity or any other aspect of a student's education; or [h]as or would have the effect of unreasonably and substantially interfering with a student's mental, emotional, or physical well-being; or [r]easonably causes or would reasonably be expected to cause a student to fear for his/her physical safety; or [r]easonably causes or would reasonably be expected to cause physical injury or emotional harm to a student.

CR A-421(II)(A)1-5.

14. OSI "is responsible for the intake, evaluation, review, follow-up, and dissemination of information to various offices within the DOE and to other appropriate entities with respect to allegations of verbal abuse." CR A-421(IV).

[3] Petitioner alleges that Respondents also violated CR A-420, which prohibits corporal punishment and regulates investigations into allegations of "physical force upon a pupil for the purpose of punishing that pupil." *See* CR A-420(II). CR A-420 "does not govern verbal abuse." CR A-420(II) n. 1. As Petitioner's OSI Complaint in OSI Case Number 19-10169X only alleges verbal abuse, CR A-421 therefore controls. *See Infra* ¶ 19. CR A-421 can be found at https://www.schools.nyc.gov/docs/default-source/default-document-library/a-421-(10-30-14)2a2cd7d365694e10843741b8bd83dfb0.

15. "Parents, students, and non-DOE staff may report a complaint of verbal abuse by notifying the principal/designee of the school the alleged victim attends, by notifying OSI directly through OSI's online reporting system . . . or by contacting OSI [by phone]." CR A-421(IV)(D).

16. For allegations involving verbal abuse, OSI may refer the case to the principal of the school for a School-Based Investigation (SBI), in which the principal or their designee conducts the investigation, prepares the Alleged Corporal Punishment And/Or Verbal Abuse Report of Investigation Form (hereinafter "Report of Investigation"), and submits the Report of Investigation to OSI. *See* CR A-421(VI)(A)-(C).

17. When a complaint of verbal abuse is made, CR A-421 requires the school's principal or their designee to "notify the parent of the alleged victim that a complaint has been filed" if a complaint is filed by someone other than the parent. CR A-421(IV)(E). Further, the principal or designee is required to conduct an SBI when a complaint is referred to them by OSI, which includes interviewing the alleged victim(s) and obtaining written statements from the victims and accused employee who is the subject of the complaint. CR A-421(VI)(B)(1). "Interviews with student witnesses do not require parental notification or consent." CR A-421(VI)(B)(1) n. 5. The principal or designee must then "evaluate the evidence and credibility of all witnesses, including the alleged victim and accused employee, and determine whether the complaint is substantiated." CR A-421(VI)(B)(5). This determination must be made, and the Report of Investigation completed, "[w]ithin 15 days of receiving the complaint." CR A-421(VI)(C)(1). Once complete, the principal must scan and email or fax "the completed and signed Report of Investigation Form, along with all interview notes, written statements, and investigative findings, to Senior Field Counsel" in OSI. CR A-421(VI)(C)(2).

Finally, the principal or designee "must inform the parent of the alleged victim whether the allegations were substantiated or not substantiated." CR A-421(VI)(D).

**B. Petitioner's OSI Complaint Case Number 19-10169X**

18. On or about October 8, 2019, Petitioner submitted a complaint to OSI on behalf of her minor son, A.C. A true and correct copy of the intake form summarizing Petitioner's complaint is attached to Exhibit B at page 14 (hereinafter "OSI Complaint"). Exhibit B is a true and correct copy of the Report of Investigation completed by Assistant Principal Frank DiFranco ("AP DiFranco").

19. In the OSI Complaint, Petitioner alleged that A.C., a sixth-grade student at J.H.S. 278 Marine Park ("Marine Park"), had been verbally abused by his special education teacher, Linda Sakariasen. *See* Lees Affirmation, at ¶ 4; *see also* Exhibit B at p. 14. Petitioner alleged that on or about October 7, 2019, Ms. Sakariasen made A.C. feel "bullied, isolated and intimidated during lunch" when she "called him over the loudspeaker" in the cafeteria. *See* Exhibit B at p. 14; *see also* Lees Affirmation at ¶ 5. OSI opened an investigation into Petitioner's OSI Complaint, which was designated Case Number 19-10169X. Lees Affirmation at ¶ 4.

20. OSI referred the complaint to the Principal of Marine Park, Kerri Moser, or her designee for an SBI pursuant to CR A-421. *See* Lees Affirmation at ¶ 6; *see also* Exhibit A at p. 1. The SBI was conducted by AP DiFranco, who separately interviewed A.C., reviewed Ms. Sakariasen's written statement and prepared the Report of Investigation, in accordance with CR A-421. *See* Exhibit B at pp. 7-11; *see also* Lees Affirmation at ¶ 7.

21. By written statement dated October 15, 2019, Ms. Sakariasen denied having bullied, isolated, or intimidated A.C. *See* Exhibit B at pp. 8-9; *see also* Lees Affirmation at ¶ 9. Ms. Sakariasen stated that, while in the ice cream line in the cafeteria, A.C. and another

student were "clowning around . . . touching and pushing one another," and they continued this behavior even after "they were told to stop." *See* Exhibit B at p. 9. Ms. Sakariasen instructed A.C. and the other student to leave the line "and sit down," but A.C. "got ice cream even when he was told not to." *Id.* Ms. Sakariasen also stated that as it is "very loud" in the lunchroom, she often uses a microphone to communicate to the sixth grade— "call names, class, and make announcements" and obtain students' attention. *Id.* at p. 8. Ms. Sakariasen indicated that she "never single[s] out anyone to embarrass, intimidate or bully." *Id.*

22. AP DiFranco also questioned A.C. about the OSI complaint in a recorded interview. *Id.* at pp. 10-12. AP DiFranco noted in the Report of Investigation that A.C.'s "mother refuse[d] for him to write a statement." *Id.* at p. 12. Based on the transcript of A.C.'s interview, when AP DiFranco asked A.C. if he felt comfortable in the lunchroom, A.C. responded, "yeah." *See* Exhibit B at p. 11. When AP DiFranco asked if anyone ever intimidated him, A.C. responded, "nobody intimidated me." *Id.* A.C. also responded, "no," when AP DiFranco asked if Ms. Sakariasen ever intimidated or bullied him, or if he ever sat alone in the lunchroom. *Id.*; *see also* Lees Affirmation at ¶ 10.

**C. The SBI's Report of Investigation**

23. "After reviewing the statements of Ms. Sakariasen and the interview with [A.C.]," on October 15, 2019, AP DiFranco prepared the Report of Investigation setting forth the findings of his investigation and concluding that the allegations of verbal abuse by Ms. Sakariasen towards A.C. were unsubstantiated. Exhibit B at p. 5 ¶ 7, p. 7 ¶ 10. AP DiFranco included Ms. Sakaraisen's written report and the transcript of his interview with A.C. in the Report of Investigation as required by CR A-421. *Id*. at p. 13; *see also* CR A-421(VI)(C)(2).

24. AP DiFranco submitted the Report of Investigation to OSI on October 28, 2019, closing Case Number 19-10169X. *See* Exhibit B at p. 1.

**D. Communication of the SBI's Determination to Petitioner**

25. On March 11, 2020, Petitioner emailed OSI Senior Field Counsel Robin Merrill requesting a copy of the Report of Investigation from OSI Case Number 19-10169X, in which she noted that the SBI had determined that the allegations in Petitioner's complaint were "unfounded." *See* Petitioner's Email to Robin Merrill, dated March 11, 2020, a true and correct copy of which is attached hereto as Exhibit C at p. 2. As such, Petitioner was aware of the results of the OSI's investigation of the OSI Complaint by March 11, 2020.

26. Additionally, on November 23, 2020, Ms. Merrill emailed Petitioner a copy of the Report of Investigation from OSI Case Number 19-10169X report. *See* OSI Letter to Petitioner, dated November 23, 2020, a copy of which is attached hereto as Exhibit D.

**E. Other Pending OSI Investigations**

27. Petitioner has submitted five other complaints to the OSI. *See* Lees Affirmation at p. 3. During the COVID-19 pandemic, OSI temporarily suspended interviews of witnesses for open OSI investigations, including the ongoing investigations into Petitioner's complaints, opened on January 30, 2020, March 17, 2020, March 30, 2020, April 1, 2020, and April 3, 2020 and designated OSI Case Numbers 20-04513X, 20-01918X, 20-04564X, 20-04598X, and 20-04607X, respectively (hereinafter, the "Five Pending OSI Complaints"). *Id*. The interviews for the Five Pending OSI Complaints have now been completed, and the assigned OSI investigators are evaluating the evidence collected to determine whether the allegations contained in the Five Pending OSI Complaints should be substantiated or unsubstantiated. *Id*.

**F. The Instant Proceeding**

28. On March 26, 2021, Petitioner commenced this Article 78 Proceeding in the Supreme Court of New York, County of Kings, alleging that Respondents failed to properly investigate her OSI complaints. Petitioner seeks reversal of the OSI's determination of the OSI Complaint (i.e., Case Number 19-10169X) for OSI's alleged failure to provide her with a copy of the Report of Investigation. Petitioner also seeks a writ of mandamus to enjoin OSI to investigate Petitioner's Five Pending OSI Complaints.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE: THIS PROCEEDING SHOULD BE DISMISSED BECAUSE IT IS TIME BARRED.**

29. Petitioner's claims are barred by the statute of limitations. A proceeding brought under Article 78 of the Civil Practice Law and Rules (CPLR) ("Article 78") "shall be commenced within four months after the determination to be reviewed becomes final and binding on the parties." CPLR §7803(5); N.Y. Educ. Law § 4404. The short time period serves the "strong policy vital to the conduct of certain kinds of governmental affairs" and ensures that the operation of government is not "trammeled by stale litigation and stale determinations." *Solnick v. Whale*, 49 N.Y.2d 224, 232 (1980) (quoting *Mundy v. Nassau County Civ. Serv. Comm.*, 44 N.Y.2d 352, 359 (1978)). A determination becomes final when an agency reaches a definitive position on the issue. *See Walton v. N.Y. State Dep't of Corr. Servs.*, 8 N.Y.3d 186, 194-95 (2007). Here, the determination in Petitioner's OSI Complaint (i.e., Case Number 19-10169X) became final on October 28, 2019 when AP DiFranco submitted his Report of Investigation to OSI. Exhibit B at p. 1; CR A-421(VI)(C)(2).

30. A determination becomes binding, however, "when the aggrieved party is notified." *Westbury v. Dep't of Transp.*, 75 N.Y.2d 62, 72 (N.Y. 1989); *Matter of Olivares v.*

*Rhea*, 119 A.D.3d 866, 867 (App. Div. 2d Dep't 2014). Here, the records demonstrate that Petitioner was aware of the final determination of the SBI investigation—which is all that is required under CR A-421—by March 11, 2020, over a year before Petitioner filed the instant proceeding, on March 26, 2021. *See* Exhibit C. During the pandemic, Governor Cuomo's Executive Orders tolled the statute of limitations in civil cases, including Article 78 proceedings, from March 20, 2020 until November 3, 2020. However, the statute of limitations began to run again on November 4, 2020 and thus expired on February 23, 2021, more than a month prior to Petitioner commencing this proceeding on March 26, 2021. *Brash v. Richards*, 2021 N.Y. App. Div. LEXIS 3555 at *3-7 (App. Div. 2d Dep't 2021) (finding that Executive Order No. 202.8 and the seven subsequent Executive orders, filed from March 20, 2020 until November 3, 2020, tolled the statute of limitations in civil cases).

31. Further, even if Petitioner did not have notice of OSI's determination until she received a copy of the Report of Investigation on November 23, 2020, the statute of limitations still would have run on March 23, 2021—three days before Petitioner commenced this proceeding.

32. Accordingly, Petitioner's petition should be dismissed as time barred.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE: THE OSI DETERMINATION IS ENTITLED TO DEFERENCE BECAUSE IT WAS NOT ARBITRARY AND CAPRICIOUS OR AN ABUSE OF DISCRETION**

33. Even if Petitioner's Article 78 is timely, which it is not, the OSI's determination was neither arbitrary and capricious nor an abuse of discretion and, as such, it is entitled to deference. Article 78 "provides for limited judicial review of administrative actions." *Sakar v. City of New York*, 2020 N.Y. Misc. LEXIS 1069, at *3 (Sup. Ct., Bronx County, Jan. 27,

2020). There are five questions that a court may consider when reviewing an administrative action brought under Article 78, including in relevant parts, "whether the body or officer failed to perform a duty enjoined upon it by law" and "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of a penalty or discipline imposed." CPLR § 7803(5). While an administrative determination is thus afforded a high degree of deference, it "is arbitrary and capricious when it is taken without sounds basis in reason or regard to the facts." *Matter of Murphy v. New York State Div. of Hous. & Comty Renewal*, 21 N.Y.3d 649, 652 (N.Y. 2013)*; see also Matter of Century Operating Corp. v. Popolizio*, 60 N.Y.2d 483, 488, (N.Y. 1983).

34. Here, Petitioner alleges no facts to substantiate her claim that the OSI's determination following the investigation of the OSI Complaint should be overturned. Nor could she. AP DiFranco and Principal Moser complied with their obligations set forth in CR A-421, and Petitioner does not allege any facts to the contrary. *See generally* Exhibit B. AP DiFranco determined that the allegations in Petitioner's OSI Complaint were unsubstantiated and completed the Report of Investigation on October 15, 2020, within fifteen days of receiving the OSI Complaint on October 8, 2020. *See* Exhibit B at pp. 2, 7. AP DiFranco also interviewed A.C. and obtained a written statement from Ms. Sakariasen in accordance with CR A-421. *Id.* at pp. 8-12. AP DiFranco then submitted the Report of Investigation to OSI on October 28, 2019, as required to close the OSI Complaint. *Id*. at p. 1; CR A-421(VI)(C)(2).

35. Although Petitioner alleges that she was not informed of the result of OSI's investigation and did not receive a copy of the OSI Complaint itself in violation of CR A-420 and CR A-421, *see* Exhibit A at ¶ 3.3, 3.5, these allegations fall short and these requirements

are outside the scope of the OSI's regulations. There is no requirement for OSI, Marine Park, or AP DiFranco to send Petitioner a copy of the Report of Investigation under CR A-421. *See* CR A-421. Nor was AP DiFranco required to notify Petitioner that the OSI Complaint had been filed because, simply, Petitioner herself submitted the OSI Complaint. *See* Exhibit B at p. 14; CR A-421(IV)(E). Further, while the parent of an alleged victim must be informed of the findings of the SBI, there is no express timeline for such set forth in CR A-421. CR A-421(VI)(D). While Petitioner alleges that she was not informed of the result or given a copy of the Report of Investigation, *see* Petition at p. 2, ¶ 3.5, or that it took 13 months for OSI to inform her of the result of the investigation, *see* Order to Show Cause at ¶ 3, the records show that Petitioner was aware of the result of the investigation. *See* Exhibit C. Indeed, by email dated March 11, 2020, Petitioner acknowledged to OSI Senior Field Counsel, Robin Merrill, that the allegations in the OSI Complaint were deemed "unfounded." Exhibit C. Additionally, though not required under the Chancellor's Regulations, the OSI sent Petitioner a copy of the Report of Investigation on November 23, 2020. *See* Exhibit D.

36. In short, the SBI was performed in full accordance with the requirements set forth in the Chancellor's Regulation, CR A-421. Further, the SBI's final determination that the OSI Complaint was unsubstantiated was reasonably made based on AP DiFranco's investigation and examination of evidence, including the results of his interview of A.C. and his review of Ms. Sakariasen's written statement. And Plaintiff has failed to allege any facts undermining the rationality of the determination. Accordingly, the Petition should be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE: PETITIONER'S CLAIMS RELATING TO HER OPEN OSI INVESTIGATIONS SHOULD BE DISMISSED BECAUSE SHE HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES**

37. To the extent that Petitioner challenges the status or timeliness of her Five Pending OSI Complaints and pending OSI investigations, these claims are not ripe for judicial review, as the OSI has not yet issued determinations on these Complaints. *Walton v. New York State Dep't of Corr. Servs.*, 8 N.Y.3d 186, 195 (N.Y. 2007). "Those who wish to challenge agency determinations under article 78 may not do so until they have exhausted their administrative remedies. . . ." *Id*. While exhaustion is not required in limited cases where "administrative remedy would be futile" or would "cause irreparable injury or where the agency's action is being challenged as being unconstitutional or beyond the agency's grant of power," no such circumstances apply here. *Beyah v. Scully*, 143 A.D.2d 903, 903 (App. Div. 2d Dep't 1988). Though OSI temporarily suspended investigatory interviews for safety reasons during the COVID-19 pandemic, OSI has now completed all investigatory interviews and is reviewing evidence in order to issue determinations in Petitioner's Five Pending OSI Complaints. Lees Affirmation at p. 3.

38. Thus, Petitioner's claims related to her Five Pending OSI Complaints should be dismissed.

**WHEREFORE**, Respondents respectfully request that the Verified Petition be dismissed in its entirety, that the relief sought therein be denied in all respects, and that Respondents be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 7, 2021

GEORGIA M. PESTANA
Acting Corporation Counsel of the
City of New York
Attorney for Respondents
100 Church Street
New York, New York 10007
(929) 486-5565
hsarokin@law.nyc.gov

By: /s/
Hannah J. Sarokin
Assistant Corporation Counsel

cc: **By NYSCEF**
Dianna Lysius
Petitioner, *pro se*

## VERIFICATION

**MARY PARK**, an attorney duly licensed to practice law before the courts of the State of New York, and not a party to this proceeding, affirms pursuant to C.P.L.R. 2106(a) the following to be true under the penalties of perjury: that she is employed by the New York City Department of Education ("DOE") as an attorney in the Office of Legal Services, and as such that she is an employee of Respondent, the DOE, in this proceeding; and that she has read the annexed Verified Answer and knows the contents thereof to be true; except as to the matters stated to be alleged upon information and belief, and as to those matters she believes them to be true based upon her review of information obtained from Respondent's books, records, other departments of the City, and from statements made to her by certain of Respondent's officers and/or agents.

Dated: July 7, 2021
New York, New York

**MARY PARK**

Index No.: 507380/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

In the matter of

D.L., on behalf of A.C.,

Petitioners,

- against -

New York City Law Department, New York City Department of Education, Frank DiFranco, Rochelle Berger, Caitlin Viscio, Linda Sakariasen, Ilene Lees, Jennifer Ittah,

Respondents.

**RESPONDENTS' VERIFIED ANSWER**

***GEORGIA M. PESTANA***
*Acting Corporation Counsel of the City of New York*
*Attorney for Respondents*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Hannah J. Sarokin*
*Tel: (929) 486-5565*

*Due and timely service is hereby admitted.*

*New York, New York* ...................................., *2021*

................................................................................*Esq.*

*Attorney for* ........................................................

# EXHIBIT A –

- SAFETY ISSUE LETTER – Ms. Kerri Moser, Principal
- CHANCELLOR'S REGULATION A-832 LETTER

Marine Park JHS 278

# MARINE PARK
## J.H.S. 278

NYC Department of Education

Kerri Moser, Principal
Frank DiFranco, Jodi DeGrotta, Vinh Nguyen-Horan, Assistant Principals

July 9, 2021

*Via hand delivery*

*Dianna Lysius*
*1280 Croton Loop 13B*
*Brooklyn, NY 11236*

Dear *Ms. Lysius*:

I have been advised that on Thursday, July 8, 2021 at approximately 8:45AM you precipitated a serious incident at the school that required the involvement of School Safety Agents. As you signed in at the Main Desk you stated to SSA Edwards, "Ms. Edwards you haven't changed at all. I know what your problem is. You need some dick. I have 5 brothers!" Additionally, while you were at the front counter in the Main Office and then again the hallway you repeatedly stated, then yelled, "He has to go, he cannot be here!" "He has 5 investigations against him right now and he needs to leave!" "Ms. Moser you have to remove him!" I asked you to please lower your voice and to speak with me in a more private location because there were children around in the hallway. You continued to raise your voice and the School Safety Supervisor had to intervene and ask you to lower your voice and go into a private location.

As a result of this incident, and your many previous visits to the school which also resulted in safety problems, I am establishing the following procedures effective immediately:

- If you wish to meet with me or any other staff member, you must call the office at (718) 375-3523 to make an appointment or to arrange for a telephone conference.
- Upon entering the building you must register at the front security desk and remain there until a staff member comes to meet you.
- If you regularly drop off your child at school, please bring him/her to the front security desk. Appropriate arrangements will be made to direct your child to class.
- If you regularly pick up your child from school, please go to the front security desk and remain there. Appropriate arrangements will be made to bring your child to the security desk.
- If you unexpectedly need to pick up your child, you must call the school prior to arriving. Upon your arrival, please go to the front security desk and remain there. Appropriate arrangements will be made to bring your child to the security desk.

We are committed to continuing to work with you and assist you with any concerns you may have. However, we must also ensure a safe and orderly environment on school premises.
If you have any questions about any information in this letter, please contact my office by telephone at (718) 375-3523

Sincerely yours,
*Kerri Moser*
Principal

Cc: *Craig Edwards*, Safety Administrator



40

Marine Park JHS 278

INTERMEDIATE SCHOOL 240 MAGNET SCHOOL OF STEM

# MARINE PARK
## J.H.S. 278

Department of Education

## SUMMER RISING 2021

**Kerri Moser**, *Principal in Charge*

**Anya Munce-Jarrett** (K240), **Victoria Hyppolyte-Agard** (K381), **Tami Flynn** (K234), *Co-Principals*

**Frank DiFranco**, *Assistant Principal, Site Superviser*

**Lyril Thomas** (K240), **Patrick Lawler** (K381), *Assistant Principals*

---

Date: 7/14/2021

Dear Parent:

The school has completed its investigation of the complaint alleging that your child engaged in behavior which may have violated Chancellor's Regulation A-831 (Student-to-Student Harassment) and/ or Chancellor's Regulation A-832 (Student-to-Student Discrimination, Harassment, Intimidation and/or Bullying).

We have determined the following:

The allegations ☒ were ☐ were not substantiated.

The conduct ☐ does ☒ does not constitute a violation of Chancellor's Regulation A-831. The conduct ☒ does ☐ does not constitute a violation of Chancellor's Regulation A-832.

Because of the nature of the behavior, any misconduct which is found to violate Chancellor's Regulation A- 831 is deemed by the Department of Education also to violate Chancellor's Regulation A -832.

Please contact the school to discuss this matter and any follow-up action and the availability of interventions and supports, if appropriate.

# EXHIBIT D – OSI INVESTIGATION

# ROCHELLE BERGER OPENED JULY 13, 2021

1. **Report with incorrect date of incident (July 13, 2021), into the physical abuse of my son by Mrs. Rochelle Berger, during my son's 6th grade year which took place in September 2019 & October 2019.**
   - These allegations were not included in the OSI complaint conducted by Mr. Frank DiFranco and signed off by Ms. Kerri Moser dated October 15, 2019. Reason for not including allegations against Mrs. Rochelle Berger because she confirmed that if charges are filed she is going to inform the courts that Mr. Difranco directed her to abuse my son which she followed his directives. Please note the first incident with Mrs. Berger took place the 1st day my son entered her classroom and was only the 2nd week into school. Mrs. Berger marked my son absent for the first week when he was not in her class and sabotaged his work the entire month of September 2019 in order to fail him but these allegations were never included in the OSI complaint completed October 15, 2019. See attached.

**Name:** Amarri Clemons
**Age:** 12
**Grade:** 08
**Home Phone:** (646) 210-7747
**Name of Parent or Guardian:** Dianna Lysius
**Address:** 1185 East 29 Street,Brooklyn,NY,11210
**School:** (K278)J.H.S. 278 Marine Park

## Witnesses

No witnesses have been entered

## Subject

### Person Being Accused of the Incident

**Name:** Rochelle Berger
**Title:** Teacher
**Employee ID:** 0905073

### Incident Information

**Date and Time of Incident:** 07/13/2021 at 6:00 PM

**Have the Police been notified:** No
**Has the School been notified:** No
**Who was Notified :** Principal

### Nature of Allegation

**Allegations:** Physical
**Verbal Abuse:**
**Physical Abuse:** Punched or Grabbed, Pushed or Pulled
**Object or Weapon used:**

### Summary of Incident

Berger push his face into the blackboard. She threw his face and desk into the blackboard.

Complaint Reporting Form

From: osi@nycboe.net
To: lysiusd@yahoo.com
Date: Wednesday, July 14, 2021, 07:11 AM EDT

NYC Department of Education

Office of Special Investigations

**Confirmation Number**

**21-02172X**

**Dear Dianna Lysius,**
We'd like to confirm that your complaint has been filed with the Office of Special Investigations. You can use the confirmation number above for any future reference. The filed complaint details are below.

## Complainant

**Name:** Dianna Lysius
**Relationship to Victim:** Relative
**Precinct #:**
**Badge #:**
**Work Phone:** (646) 210-7747
**Home Phone:**
**Email:** lysiusd@yahoo.com
**School:** (K278)J.H.S. 278 Marine Park
**Complaint Source:**
**Did you witness the incident:** No

## Victim

(No Subject)

From: Dianna Lysius (lysiusd@yahoo.com)

To: lysiusd@yahoo.com

Date: Tuesday, July 20, 2021, 07:35 AM EDT

< Back

**Assignments**

Term 1 (2019-2020)

| Assignment | Category | Assigned | Score |
|---|---|---|---|
| Module 2 quiz | Exams Tasks Projects | Assigned: Sep 25, 2019 | 56 |
| unit 1 task- Mr. Kindle | Classwork Participation | Assigned: Sep 24, 2019 | 65 |
| Unit 1 task- Almanac temperatures | Classwork Participation | Assigned: Sep 24, 2019 | 65 |
| HW: finish GCF/LCM word problems wo... | Homework | Assigned: Sep 20, 2019 | 0 |
| HW: finish p. 39 show ALL work | Homework | Assigned: Sep 18, 2019 | 50 |

HW: p. 35-36 5-31 ODDS only! must sh...
Homework
Assigned: Sep 16, 2019
0

Module 1 Quiz
Exams Tasks Projects
Assigned: Sep 13, 2019
62

HW: worksheet 1-2 C
Homework
Assigned: Sep 12, 2019
0

HW: p. 17-18 15-23
Homework
Assigned: Sep 11, 2019
50

HW: p. 11-12 #12-24
Homework
0

< Back Course Attendance Today
Term 1 (2019-2020)

< September 2019 >

| Su | M | T | W | Th | F | Sa |
|---|---|---|---|---|---|---|


1 2 3 4 5 6 7
8 9 10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 1 2 3 4 5
6 7 8 9 10 11 12
Wednesday, October 2

Course: CORE MATH 6
Teacher: R BERGER
Comment: -

Course Attend: Daily Attend:

Sent from Yahoo Mail for iPhone

# EXHIBIT G: DETAILED ALLEGATIONS

| | DATE | EMAILS SUBJECT | CONCERN/INCIDENT | DOE STAFF/ABUSER | NOTIFIED |
|---|---|---|---|---|---|
| 1 | SCHOOL YEAR 2018 - 2019 | | District 22 has taken advantage of the growth of African American kids for many years to include AC. PS 193 placed AC in a lower 5th grade class the entire 2018 - 2019 school year, refused to transfer AC out, and deliberately noted that AC was in a higher level 5th grade class when infact AC was never in the class noted on throughout the entire 2018 - 2019 school year. AC spent the entire school year in Rm 505 ALL Report Cards Noted Rm 503. | PS 193 OFFICE STAFF | PS 193 OFFICE STAFF |
| 2 | 08/01/19 | | **Durimg 6th Grade Orientation AC was placed in an ICT class by Mr Difranco, failed to trahsfer AC to General Education class as requested, stated AC better be lucky he got a seat in JHS 278, researched AC ELA/MATH scores for 5th noting that they were lower than PREVIOUS YEARS, & kindergarden records trying to support a reason for PLACING into & NOT TRANSFERRING AC out of an ICT class to General Education class.<br>I visited District 22 Office, upon arrival before introducign myself I found Ms. Dalton reviewed AC's 99.67% attendance records which confirmed that Mr. Difranco already made contact with the office. Once I introduced myself Ms. Dalton pointed to the computer stating she was just reviewing my son's attendance record. Not sure why this was being done prior to my arrival after immediately leaving JHS 278 & meeting with Mr. Difranco about a ICT Transfer Out.** | Mr. Difranco | Ms. Barr |
| 3 | 09/06/19 | DISTRICT 22/ICT TRANSFER | As a result of Mr Difranco denying to transfer AC out of an ICT class, District 22 Superintendent contacted to remove AC from ICT class via email request sent to Boro-Superintendent/District Superintdent. | Mr. Difranco | Ms. Dalton, Ms. Bove, Mrs. Freeman |
| 4 | 9/10/19 - | AMARRI CLEMONS | Mr. Difranco still does not transfer AC out of ICT class. Follow up emails sent transfer to General Ed. Class COMPLETED 9/11/19 to Mrs Berger's Classroom 6-8 as per Mr. Difranco. | Mr. Difranco | Ms. Dalton |
| | | | DENIED LUNCH, PLACED ON PUNISHMENT, DENIED BASKETBALL PRACTICE TRYOUTS, COAT STOLEN FROM CLASSROOM FOR A MONTH, REFUSE TO ALLOW AC INDEPENDENCE AND FREEDOM WALKING IN THE HALLS, AC ADIDAS TRACK JACKET STOLEN FROM CLASSROOM AND NEVER RETURNED, | | |

| | | | | | |
|---|---|---|---|---|---|
| 5 | 10/3/19 - 10/7/19 | PARENT ENGAGEMENT | Meeting scheduled with Ms. Berger to review my son work, rescheduled deliberately after my son transferred from 6-8 to avoid discussing the abuse. All Ms. Berger abuse acts agaisnt AC were never addressed; changing grades, pushing face/desk into board, marked late, absent, aggressive notes, STOLE AC JACKET for an entire month, etc. Ms. Berger failed to meet with AC mom during parent teacher conference stating she is no longer his teacher and does not have to explain why she failed him in math. During the week AC was transferred from Mrs. Berger's class 6-8 to Class 6-7 to avoid meeting about AC grades. Multiple request for work completd and incorrectly graded not provided/reviewed accurately. **NO REPORT CARD PROVIDED to AC FOR ENTIRE 6TJH GRADE SCHOOL YEAR. ALL REQUEST FOR REPORT CARD IGNORED BY MS. MOSER AND ALL OTHER STAFF.** | Ms. Berger, Mr. Difranco | Ms. Moser, Ms. Bove, Mrs. Freeman |
| 6 | 10/17/19 | COMMUNICATION | Request for Ms. Sakariasen and Mrs. Berger to stop harassing, bullying, intimidting AC; changing seat for no reason, isolating AC from other students, not allowing AC to complete work in order to reduce grade, constantly removing AC from class during test, disrupting AC while speaking peacefully/quietly with friends as directed during lunch. | Ms. Sakariasen, Ms. Berger | Mr. Difranco, Ms. Barr |
| 7 | 10/8/19 - 10/23/19 | COMMUNICATE | Ms. Sakarisan removes AC from icecream line for no reason, shouts his name over loud speaker to embarrass him for no reason, speaks loudin AC face deliberately spitting as she speaks and the studets laugh at AC stating he smells like cigarettes because of the manner she yelled and allowed spit to continue to fly out of her mouth, provokes AC while seated in lunchroom by asking if he has a problem as she walks pass, although requested to avoid contact with AC. All requests ignored and abuse continued and supported by Mr. Difranco the subjet in the investigation who completed the OSI investigation 10/15/19 into the abuse of AC by Ms. Sakarisan. | Ms. Sakarisan | Mr. Difranco, Ms. Moser, Ms. Bove, Mrs. Freeman |

| | | | | | |
|---|---|---|---|---|---|
| 9 | 11/1/19 - 11/4/19 | LATE | Ms. Berger marked AC late for the 3rd time knowing AC arrivedto school on time. Camera's confirm the arrival of AC into class. | Ms. Berger | Mr. Berger, Mr. Barrs, Mr. Difranco |
| 8 | 10/28/19 - 10/29/19 | CONDUCT | During a phone conversation with Ms. Berger in refernce to AC grading, Ms. Berger hangs up the phone on AC mom ignoring mom's request to speak with Mr. Difranco who was in attendance duirng the phone call. Mr. Difranco states he kept saying hello and he did not hear anything which his acts later confirm that this too was lie. | Ms. Berger, Ms. Difranco | Mr. Difranco |
| 10 | 10/29/19 - 11/5/19 | RESCHEDULE | AC mom reschedule meeting and makes additional request for ORIGINAL COPIES OF AC's WORK. Ms. Berger confirms meeting for 11/12/19 at 2:30pm but DOES NOT MEET because AC is transferred out of her class before meeting and states she does not have to meet and later fails AC without explanation. Directs mom to have AC sign a NOTE she sent home. | Mrs. Berger | Ms. Moser, Ms. Barr, Ms. Mr. Difranco |
| 11 | 11/7/19 - 11/14/19 | REPORT CARD | Mr. Berger fails AC in Math and denies explaining why and states she is no longer his teacher, however, she is the one who provided the unexplainable failing grade. Ms. Berger directed the conversation because who scheduled a meeting outside of parent teacher conference for Novebember 22, 2019. Either meetings ever took place. | Mrs. Berger | Ms. Moser, Ms. Difranco |
| 12 | 11/20/19 - 11/25/19 | THEFT | Mr. Difranco calls AC mother at to inform that AC has been identified by a student of stealing property. Mr. Difranco confirms that he is reviewing the cameras because he knows that AC is a thief because the student stated he made fake PB tickets and AC is the only one in possession. AC never had fake tickets, AC earned tickets during class for ALWAYS BEING THE STUDENT ANSWERING 90% OF THE QUESTIONS IN CLASS. AC saw who stole the tickets but instead to keep the peace AC gave the other student his tickets that he earned because the student was upset his tickets were stole. | Mr. Difranco | Ms. Moser, Mr. Difranco, Mrs. Barr |
| 13 | 01/09/20 | BINDER MISSING | AC binder with all his class notes was left in the classrosom andimmediately delivered to Mr. Difranco who did not return the binder. It was not until he was questioned about the whereabouts of the binder he returned the binder. Mr. Difranco stated AC binder was delivered to his office but failed to return the binder upon finding it, and AC was without his notes for 2 days. | Mr. Difranco | Mr. Difranco |

| | | | | | |
|---|---|---|---|---|---|
| 14 | 01/15/20 | CELL PHONE | AC cell phone is taken from him during class because it went off. Ms. Viscio asked AC in the presence of all the students to turn the phone off and hand it to her which he did. Ms. Viscio discuss what will be on the ELA Exam and continue to abuse AC make false claims of behavior and never return the phone, then laters states Ms. Sakariasen is possession of the phone and will provide AC the phone at the end of the day. Ms. Sakariasen does not return the phone but gives the phone to Mr. Difranco who made several attempts to access the phone, remove the screen saver, then replaced the screen saver, and provded AC mom with the phone of which the phone later broken. Mr. Difranco returned the phone turned on and could not provide a reason why he turned the phone on. Ms. Sakariasen was a subject of a pending investigation and was asked to stay away from AC but was in | Mr. Difranco, Ms. Sakariasen, Ms. Viscio | Mrs. Freeman, Ms. Bove, Ms. Moser, Mr. Difranco, Ms. Sakariasen, Ms. Viscio |
| 15 | 1/20/20 - 1/21/20 | CEIST & DECIST CONTINUED ABUSE, FAILURE TO PROIVDE OSI CONTACT INFO., INVESTIGATION END RESULT | Email sent on behalf of AC asking Mrs. Berger and Mrs. Sakariasen to stop harrassing AC. Request for the OSI investigation report requested from the Boro-Superintendant, Superintendant, & Ms. Moser. All requsest for the investigation was ignored by all parties. Allegations unknown to AC parent was submitted with no communication with AC parent. Mrs. Freeman assured that someone will reach out in reference to providing the OSI report but the report was not provided. | | Mrs. Freeman, Ms. Bove, Ms. Moser, Mr. Difranco, Ms. Sakariasen, Ms. Viscio, Ms. Berger, Ms. Catapano, Ms. Dellabovie-Mig, Ms. Barr |

| | | | | | |
|---|---|---|---|---|---|
| 16 | 01/22/20 | MEETING CANCEL/TENT. | Meeting with Ms. Moser cancelled as AC parent awaited the OSI report that was never provided. Also, AC grades for 2nd quarter exams were for Science, Math, and Reading by Mr. Difranco in cohoots with Mrs. Maglino. AC mom reports the incident to Ms. Barr and Ms. Moser. | | Ms. Moser, Ms. Barr |
| 17 | 1/22/20 - 1/26/20 | AC 2nd Qtr Grades Changed | AC scrap paper, scans sheets, 2nd qtr exam are altered by Mr. Difranco who is oberved on camera requesting AC test from Mrs. Maglino who too assited by destroying AC to support the abuse. Scan sheets for AC exams were majority all correct answers were erased and incorrect answers entered by Mr. Difranco to ensure AC received lower grades. Documents requested not provided. Meeting with Ms. Moser and Ms. Barr who too witnessed that AC exams were altered and erased. | Mr. Difranco, Mrs. Maglino, Ms. Moser | |
| 18 | 01/27/20 | DESK CHECK | Ms. Maglino harasses AC as the only student in the class wanting to do a desk check of his work althoug the work was correct she wrote in AC book stating he did not write all the steps requesting a parents signature. However, Ms. Maglino failed to provide AC exam sheet, scrap paper stating she threw it all in the garbage. | Ms. Maglino | Ms. Moser, Ms. Barr |
| 19 | 12/19/19 - 1/28/20 | AMARRI CLEMONS | Ms. Maglino grades are not entered into pupil path for AC and fails to provide informtaion on the grades or scrap paper for 2nd Qtr exam. 2nd Qtr exam for AC collected by Ms. Maglino who destroys the scrap paper and provide Mr. Difranco with the scan sheet to erase all correct answers to incorrect answers. Grades were changed from 100 & 96 to 24 & 20's . AC retest the same exam within days and scored a 96 & 100 which confirmed Mr. Difranco and Ms. Maglino corruption into the harassment and abuse of AC Math grades ENTIRELY. Despite communicating since December 2019 about not having access to pupil path the incorrect grades have not been corrected to date despite prooof of deliberate acts. Both Ms. Maglino and Mr. Difranco disposed of AC scrap paper in attempt to conceal supporting evidence especially for the 2nd Qtr examines sobotaged by Mr. Difranco who removed the scan sheets from the classrooms in the presence of AC who witnessed everything. AC math notebook is missing for a month and never returned. | Ms. Maglino, Mr. Difranco | Ms. Moser, Ms. Barr, Ms. Bove |
| 20 | 01/28/20 | YOUR RETESTING REQUEST | Request when retesting will take place for AC 2nd Qtr Math, Science, ELA exams that were all correct answers on the scan sheets were changed by Mr. Difranco in attempt fail AC entirely. | Mr. Difranco, Ms. Maglino, Ms. Viscio | Ms. Bove, Ms. Moser |
| 21 | 01/28/20 | STATE TEST | To avoid any future changes to scan sheets from Mr. Difranco, AC parent informs Ms. Bove and Ms. Moser that AC will not be taking any NYS State Exams. However, soon after AC takes a pre-test for the State Exams and Mr. Difranco is caught sobotaging the grades on the pre-test as well without regard to having change AC 2nd Qtr Exams. | Mr. Difranco | Ms. Freeman, Ms. Bove, Ms. Moser |

| | | | | | |
|---|---|---|---|---|---|
| 22 | 01/28/20 | TESTING | AC retested in Math on 1/28/20, and assurd that AC will be retested in Science and ELA as a result of Mr. Difranco erasing 2nd Qtr exam scan sheets with the assistance of Ms. Maglino and Ms. Viscio. Ms. Moser confirms retesting and manner to be completed. Also, AC parent confirms that on January 23, 2020 meeting with Ms. Moser and Ms. Barr which provided a blank copy of AC's Math 2nd Qtr exam and a differnt copy provided on January 27, 2020 with ansers circled by Ms. Moser. Ms. Moser confirms reteting via email as a result of Mr. Difranco's malicious acts. | | |

| | | | | | |
|---|---|---|---|---|---|
| 23 | 01/28/20 | BINDER | AC 2nd Qtr exam for Social Studies the only exam that the teacher Mrs. Catapano did not assit Mr. Difranco in sobotaging AC grades. Mrs. Catapano confirmed AC did well on his ecam and scored an 80. | NONE | Mrs. Catapano |
| 24 | 01/28/20 | AMARRI | Ms. Maglino enters a zero for AC grade as an excuse stating no parent signature as an excuse for all the grades sobotaged in pupil path dating far back as December 2019 the month AC transferred into her class 6-7. Pupil path grades for AC still not updated nor access rectfified. | Ms. Maglino | Ms. Moser |
| 25 | 12/19/19 - 1/28/20 | PUPIL PATH | After AC is transferred from Mrs. Berger's class 6-8 to 6-7 a meeting takes place to discuss why AC failed Math class, why attendance marked absent when AC was in attendance, & why AC was SPECIFICALLY marked late numerous times when AC was not late. AC's Math notebook stolen for the 2nd time from Ms. Maglino's class witihout no explanation. Ms. Maglino does not provide ratio sheet stating that she does not have anymore copies, soon after states a copy is available. | Ms. Maglino | Ms. Barr |
| 26 | 01/29/20 | PROMISE | Communicate with Ms. Bove & Ms. Moser in reference to promising to have a meeting about the work that was sabotage by Mr. Difranco, Ms. Viscio, and Ms. Maglino once work is reviewed and pupil path access provided for AC progress. | Mr. Difranco | Ms. Freeman, Ms. Bove, Ms. Moser |
| 27 | 01/29/20 | SON PROPERTY | Mr. Difranco keeps AC Binder after being left in Social Studies class. Mr. Difranco failed to return the binder for 2 days, then visited C class and contacted parent informing AC was not ready for class. Ms. Viscio follows up with an email stating AC was not ready for class. Mr. Difranco observed AC asking other students for sheets of paper to do work in class but did not return the binder until parent did research with Mrs. Catapano the Social Studies teacher who was out on the day the bidner was provided to AC by the substitute teacher. | Mr. Difranco | |
| 28 | 02/04/20 | RECALL/FOIL REQUEST | AC parent request a copy of the OSI investigation that was conducted in October 2019 and Ms. Lee's Director of OSI directs parent to make request via FOIA. AC parent never received a copy of the investigation report, was not aware of what was allegations were investigated, nor was parent informed that the investigation was a school base investigation SBI. | | |
| 29 | 02/04/20 | FOIL OPEN MSGS FOIL | Ms. Lee's the Director of OSI confirms that SCI forwarded the complaint toher office and once the investigation was completed I should have been notified by the lawyer and she will look into why. Ms. Lee's never provides any information but continues to make excuses about communicating with other city agencies in reference the misconduct of the staff at Marine Park JHS but never provides which agencies and/or what role the agencies play in the matter overall. | | |

| | | | | | |
|---|---|---|---|---|---|
| 30 | 1/29/20 - 2/5/20 | ASSIGNMENTS | ELA Rolling Thunder reading book was removed from AC desk for over 2 weeks of which Difranco confirmed his presence in the class observing AC not participating and/or doing work. AC had to read 12 chapters for an exam in 3 days, as well as, be retest for 2nd Qtr exam because Mr. Difranco has taken AC reading book. Essay completed 3 drafts and final essay of which Ms. Viscio confirmed AC did good work and assisted other students and Ms. Viscio later removed all essays stating she return them on the day AC was no longer a student in her class. AC multiple choice ELA exam for Rolling Thunder was not graded nor the essay. It was evident and clear that Ms. Viscio was now defnitely assiting Mr. Difranco in attacking AC. At this point within 2 weeks Mr. Difranco taken AC cell phone, a binder, a notebook, a reading book, changed 2nd Qtr exam grades, and directed Ms. Viscio to retrieve AC work for the Rolling Thunder assignments and later caught lying about the being in possessin of the assignments. | Mr. Difranco, Ms. Viscio | Ms. Moser, Ms. Bove, Mrs. Freeman |
| 31 | 02/06/20 | CLASS CHANGE | Ms. Moser calls AC parent on 2/5/20 at 8:30pm to discuss concerns but nothing is still not done AC continues to feel uncomfortable in Ms. Miglino's class with Mr. Difranco in out of the classroom. All testing halted while still awaitng Math grade, request for pupil path and resting for Science and ELA 2nd Qtr Exam. Request for Ms. Miglino to explain Module 8 test which AC was in possession of the assignment and only 2 questions were incorrect and graded the exam a 25. Thereafter, an eamil from Ms. Viscio making false allegations against AC and incorporating that completiong of Math Module 8 test was done re-done in her class although the test was graded 25 by Ms. Miglino who failed to provide an explanation. Request for all allegations of corpal punishment and abuse to AC forwarded to SCI. | | |
| 32 | 02/06/20 | TITLE IX | Request for Title IX Discrimination information from Ms Lee who provides information for Discrimination based on SEX. No information provided based upon race, origin, regligion, etc. | Ms. Lee's | Ms. Lee's |
| 33 | | AMARRI CLEMONS IS 278 | Ms. Dalton sends email confirming an investigation was open with file case # 2020-0748. However, no follow or interview ever conducted as outliend in the Chancellors Regulations of completing investgations within 15 days. | | Ms. Bove, Ms. Dalton |

| | | | | | |
|---|---|---|---|---|---|
| 34 | 2/6/20 - 2/9/20 | AMARRI'S ELA PROGRESS | While awaiting for an explanation from Ms. Miglino for grading Modeule 8 test a 25 when only on 2 questions were incorrect. The exam in possession of AC parent confirmed by review during a recorded meeting with Ms. Bove and Ms. Moser it was confirmed no edits to the test that yielded a graded of 92. Instead, Mr. Difranco directs Ms. Viscio to send an email in refernce to AC conduct and include discussion of information Ms. Miglino cannot provide for the 25 grade instead of the 92 which AC earned. Ms. Viscio email AC parent stating AC was distracted in class, did no work, ACTING SILLY, out of his seat with no permission, AC hit a girl, and AC tried to have 2 students forge my signature on a failing test from Math class. Coincidently, this is the exam which AC parent was in possession of and reveiwed by school staff. Ms. Viscio, also states that AC had to re-do Math Module 8 test without an explanation or knowledge that AC parent reviewed the test that should have been graded 92. Continued abuse even after sobotaging AC 2nd Qtr exams which are 40% of a student GPA at the directives of Mr. Difranco who was upset that he wanted to place AC in a blended classes with special education children (ICT Class). AC confirmed that all allegations were false, nor was any of the 2 students who forged AC parent signature were identified or provided proof. AC did re-do the Math Module 8 Test on white scrap paper. Ms. Bove examined the Math Module 8 Test to confirm that AC did not make any changes and immediately offered AC parent to transfer AC out of the school. Transferring AC from Marine Park Junior High School results in ALL INVESTIGATIONS DISMISSED, something Ms. Bove nor Ms. Moser shared during the recorded conversation. | | Ms. Freeman, Ms. Bove, Ms. Moser |

| | | | | | |
|---|---|---|---|---|---|
| 35 | 02/06/20 | CLASS CHANGE | AC still awaits 3 weeks for another class change from 6-7 to 6-13 due to Mr. Difranco, Ms. Miglino, & Ms. Viscio actions with destroying AC's exam while pupil path remains disable officially since the December 4th meetinig with Mrs. Berger. Ms. Lee's confirms that a complaint has been received from SCI which she is going to include in the investigation however, AC parent is never informed or interviewed. | | |
| 36 | 2/10/2020 - 2/12/20 | COMPASSIONATE CONSIDER | AC parent wanted to internal address the matter but reconsider as Mr. Difranco behavior confirms that violations of Chancellors Regulations of abuse were indeed evident and ignored. AC parent agreed to meet with OSI to pursue full investigation but meeting never occured and allegations are pending to date. | | |
| 37 | 02/12/20 | MEETING | Ms. Lee's the Director of OSI replaces original investigator Ms. Reames. to Mr. Smalls. Ms. Lee's confirms meeting with Mr. Smalls the investigator whom visited the school and began the investigation. Previous investigator Ms. Reames was removed from the case for not reason which AC parent was confident and comfortalbe with Mr. Small falils to contact AC parent about meeting until AC parent contacts Ms. Lee's. Soon after Mr. Smalls calls with others directing the convesation and he immediately hangs up and does not call back to confirm meeting. Ms. Lee's awaits until the next day to respond to AC parent inquiry about Mr. Smalls behavior but avoids | Ms. Lees | Ms. Lees |
| 38 | 02/14/20 | REPORT CARD | Ms.Moser is in receipt of AC report with updated grades and was scheduled to deliver after meeting with Ms. Bove. | | Ms. Bove, Ms. Moser |
| 39 | 2/18/20 - 2/21/20 | CONTACT INFORMATION | Mr. Smalls fails to contact AC mom as of February 21,2020 to discuss investigation. Ms. Lees provides contact information for Mr. Smalls again, however, all calls to Mr.s Smalls were not returned to AC parent. | Ms. Lees | Ms. Lees |
| 40 | 1/28/20 - 2/27/20 | DON'T TALK TO MY KID | Ms. Sakarisasen approaches AC while sitting at a table 3 other students who ALL were at a lucnh table they all should not have been sitting at. Ignoring everyone else, Ms. Sakariasen approaches ONLY AC and have him go back to his lunch table while screaming and shouting at him. The abuse continued and AGAIN AC class mates started to laugh and said to AC that his face "NOW SMELLS LIKE CIGARRETTES." A feeling AC hated and the jokes that followed as everyone knows that MS. Sakariasen smells like a tobacco field because she is a HEAVY SMOKER. | | |

| | | | | | |
|---|---|---|---|---|---|
| 41 | 1/30/20 - 2/27/20 | RETESTING OTHER THAN MATH | Ms. Moser sent AC parent an email requesting a meeting at the direction of Ms. Bove to address concerns. During this meeting Ms. Bove examined the Math 8 module test and to confirmed AC did not make any changes to the exam. In addition, on this day Mr. Difranco tries to attack AC parent by walking across the 8 front doors with his coat covering his face entirely in hopes of falling and blaming AC parent. This caught on cameras reported to AC parent by Ms. Bove and Ms. Moser during the recorded conversation. AC parent was not aware of Mr. Difranco attempts but do remember his presence with his coat adn thought it was very odd, thinking that he was following AC parent something he had done before; followed AC parent to find residence to support marking AC late. If AC is marked late several times the attendance office will transfer a student his or her zone school closes to their current residence to ensure a child arrives to school on time. | Ms. Sakariasen | Ms. Freeman, Ms. Bove, Ms. Moser, Mr. Difranco, Ms. Barr |
| 42 | 02/28/20 | STATE TEST MRS. WATSON-HARRIS | Email sent requesting abusing AC stop but continues to endure at the direction of Mr. Difranco and nothing being done. All attempts to obtain the SBI investigation was not provided, to avoid AC parent reading what allegations were submitted by the subject of the investigaiton; Mr. Difranco. All parties notified on the email confirmed the wrongdoing of Ms. Miglino grading a t est 25 when in fact AC earned a 92 but nothing done but a request from Ms. Bove to transfer AC out of the school. | | |
| 43 | 2/6/20 - 2/28/20 | DETAILS | AC while in new Math class 6-13 Ms. Ittah, who is friends with both subjects of several investigations, Ms. Miglino and Ms. Berger would continously stand together and whisper as AC already under pressure from continued abuse. These women made every attempt to support a defense and later include Ms. Ittah into sobotaging AC grades by grading an assignment a 70 but failed to provided to date. | Mr. Difranco | Mrs. watson-Harris, Mrs. Freeman, Ms. Bove, Ms. Moser |
| 44 | 02/25/20 | AMARRI MATH QTR 3 OUTLINE | | | |
| 45 | 2/27/20 - 3/2/20 | MEETING | | | |
| 46 | 2/6/20 - 3/4/20 | GRADE | | | |
| 47 | 3/2/20 - 3/4/20 | TALK | | | |
| 48 | 2/12/20 - 3/4/20 | ESSAY | | | |
| 49 | 03/05/20 | CALL | | | |
| 50 | 03/05/20 | SCHOOL CHANGE | | | |
| | 2/27/20 - 3/12/20 | WINTER PACKET | | | |
| | 3/520 - 3/12/20 | MEETING | | | |
| | 03/13/20 | PARENT CONFERENCE CALL | | | |
| | 3/20/20 - 3/23/20 | ADD SCIENCE CLASS | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 3/14/20 - 3/24/20 | RETALIATORY ACT - INVESTIGATION | | | |
| | | DEVICES | | | |
| | 3/12/20 - 3/26/20 | COPY | | | |
| | 3/24/20 - 3/26/20 | FYI | | | |
| | 05/31/20 | LEGAL ASSISTANCE NYC DOE ABUSE | | | |
| | 3/16/20 - 6/22/20 | MEETING | | | |
| | 3/11/20 -11/30/20 | SUPPORT | | | |
| | 10/30/20 - 11/2/20 | SCHEDULE INTERVIEW | | | |
| | 11/05/20 | OSI INVESTIGATIONS | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**R LINES 44 - 65 SHOULD BE INLCUDED IN THE INVESTIAGTIONS BUT TIMELY SUBMISSION IS OF IMPORTANCE BUT WILL BE SHARED IN FULL WITH EASTERN DISTRICT COURT.**

MARINE PARK INTERMEDIATE SCHOOL • BKLYN NY •

# MARINE PARK
I.S. 278

*Kerri Moser*, *Principal I. A.*

NYC Department of Education
Chancellor Richard A. Carranza

***Frank DiFranco***, *Assistant Principal*
***Jodi DeGrotta***, *Assistant Principal*
***Vinh Nguyen-Horan***, *Assistant Principal*

October 28, 2019

Office of Special Investigations
415 89th Street, Room 524-A
Brooklyn, NY 11209

Re: OSI # 19-10169X; Linda Sakariasen

To Whom It May Concern:

Please be advised that this matter is now closed.

Sincerely,

Frank DiFranco
Assistant Principal

c:Linda Sakariasen

1925 Stuart Street Brooklyn, NY 11229
(718) 375-3523 Fax : (718) 998-7324
www.marineparkis278.org

NYC Department of Education



OSI CASE # 19-10169X

**OFFICE OF SPECIAL INVESTIGATIONS (OSI)**
65 COURT STREET - ROOM 922
BROOKLYN, NY 11201
PHONE - 718-935-3800

**ALLEGED CORPORAL PUNISHMENT AND/OR VERBAL ABUSE
REPORT OF INVESTIGATION**

Date of Report: 10/8/2019 OSI Case Number: 19-10169X

1. **SUBJECT EMPLOYEE'S INFORMATION**

Name: LINDA Sakariasen File Number/Employee Number: ______

Position: Grade Coordinator Home Address: ______

Date of Birth: ______ License(s): SPECIAL ED

School: IS 278 District: 22 Boro: K Region: ______

Years of Service: 7

Tenured: ✓ Probationary: ______ CPT: ______ Per Diem: ______

2. **EMPLOYEE HISTORY**

Prior adverse ratings/actions Yes No X If yes, explain, including date(s):

Previous allegations of corporal punishment or verbal abuse Yes No X If yes, explain, including date(s) and report numbers:

NYC Department of Education



OSI CASE #__________

3. **STUDENT (COMPLAINANT/VICTIM) INFORMATION** (additional information/victims may be memorialized on a separate sheet(s), which must be attached to this document before its submission)

Name: Amarri Clemons Grade: 6 Date of Birth: ________

Has student made prior allegations?
If yes, explain, including date(s) and report number(s) Yes [ ] No [X]

Narrative of student performance (conduct, etc.):
The student has struggled with his transition to Middle School; however, we have seen growth behaviorally in the last two weeks. Amarri does struggle in some of his classes ie Math & Science

4. **PARENT/GUARDIAN CONTACT INFORMATION**

Name: Dianna Lysius
Address: 1185 East 89th St. Brooklyn NY 11229
Home Telephone: 646-210-7747
Business Telephone:
Email address: lysiusd@Yahoo.com
Date Parent/Guardian Notified of Incident: Oct 8, 2019
School Staff Member Who Notified Parent: Frank DiFranco

NYC Department of Education



OSI CASE # 19-10169 X

5. **STAFF/STUDENTS INTERVIEWED**

| Name: | Position/Grade: |
|---|---|
| Amari Clemons | 6 |
| | |
| Linda Sakanasen | Grade Coordinator - 6th Grade |

**NOTE:** If the interviewees are students, on a separate sheet(s) of paper, please list the students' names with the contact information for their parent(s).

NYC Department of Education

Chancellor's Regulation A-420/421
Attachment No. 1
Page 4 of 6

OSI CASE # 19-10169X

## 6. INCIDENT

**IF STUDENT AND/OR STAFF MEMBERS MADE WRITTEN STATEMENTS, COPIES OF THOSE STATEMENTS *MUST* BE ATTACHED TO THIS FORM**

Date of Incident: No specific date given Time: 10:20 – 11:04

Location: Cafeteria

Description of alleged incident: Ms. Lysius reported to the school that on different occasions Ms. Sakariasen bullied, intimidated & isolated her son
Once Ms. Lysius learned of this report she wanted it withdrawn.

After reviewing the statements and evaluating the credibility of the alleged victim, the witnesses, and the subject of this investigation, I have concluded that the following occurred: (If necessary, additional information can be included on a separate sheet(s) of paper, which must be attached)

After reviewing the statements of Ms. Sakariasen and the interview with Amarri I have concluded that the allegation of verbal/corporal abuse were unsubstantiated

[signature]

## 7. FINDINGS

A determination is required. Select from the options below.

✓ The allegation(s) of corporal punishment were unsubstantiated (i.e., not substantiated).

_____ The allegation(s) of corporal punishment were substantiated.

✓ The allegation(s) of verbal abuse were unsubstantiated (i.e., not substantiated).

_____ The allegation(s) of verbal abuse were substantiated in that the conduct belittles, embarrasses or subjects the student to ridicule.

NYC Department of Education



OSI CASE # 19-10169)

_____ The allegation(s) of verbal abuse were substantiated and the conduct constitutes a material act of verbal abuse in that the language:

1. Has or would have the effect of unreasonably and substantially interfering with the student's educational performance or ability to participate in or benefit from an educational program, school-sponsored activity or any other aspect of a student's education; or
2. Has or would have the effect of unreasonably and substantially interfering with the student's mental, emotional, or physical well-being; or
3. Reasonably causes or would reasonably be expected to cause the student to fear for his/her physical safety; or
4. Reasonably causes or would reasonably be expected to cause physical injury or emotional harm to the student.

_____ The allegation(s) were not substantiated, but the subject is found to have exercised poor judgment.

**STOP: Please submit pages 1-5 of this document to your assigned Senior Field Counsel (SFC) for review. If disciplinary action is to be taken, it can be taken only after your SFC has reviewed all of the required documentation and deems the investigation complete.**

***Please note:** In all cases where an allegation of corporal punishment and/or verbal abuse has been substantiated or where it has been concluded that poor judgment was exercised, disciplinary action or appropriate follow-up action must be taken.*

8. CONSULTATION WITH SENIOR FIELD COUNSEL

_____Senior Field Counsel consulted on: ____________ Date

9. ACTION TAKEN FOLLOWING CONSULTATION WITH SENIOR FIELD COUNSEL

_____Verbal warning ____________ Date

_____Letter to file ____________ Date

_____Counseling memo ____________ Date

_____Disciplinary charges recommended[1] ____________ Date

_____Termination of employment ____________ Date

_____Other (specify) ______________________ ____________ Date

[1] If the subject is a tenured employee, and disciplinary charges under State Education Law section 3020-a are recommended due to the serious or repetitive nature of the misconduct, or other factors concerning the employee's performance, the school must consult with the Deputy Counsel of the DOE's Administrative Trials Unit (212-374-6888).

**NYC Department of Education**



OSI CASE #________________

**10. PARENTAL NOTIFICATION**

______ Parent notified of findings

______________________
Date

Frank DiFranco
Report Preparer's Name

A. P.
Title

[signature]
Report Preparer's Signature

10.15.2019
Date Prepared

Insert Fax This Way — Do not send cover sheets
Do not write on back — Do not send multiple sheets at one time

6817939

**New York City Department of Education**
**WRITTEN STATEMENT FORM**
FAX completed forms to (718) 935-5860
Created by: CENTRAL\KMoser2
ATS: 22K278

| NAME | GENDER |
|---|---|
| Linda Sakariasen | Female |
| STATUS | OSI OSCI CASE # |
| Teacher / Dean | |

**STATEMENT**

In the lunchroom, it is very loud and children are talking, yelling. Which is why I use a microphone - to communicate to the sixth grade. I call names class and make announcements. If I need to get a student's attention yes I will called it over the microphone. I never single out any one to embarass, intimidate or bully.

**PREPARATION STATEMENT**

Statement by: LINDA SAKARIASEN Signature: [signature]

Date: 10/15/17 Telephone Number:

Insert Fax This Way — Do not send cover sheets
Do not write on back — Do not send multiple sheets at one time

6817938

**New York City Department of Education**
**WRITTEN STATEMENT FORM**
FAX completed forms to (718) 935-5860
Created by: CENTRAL\KMoser2
ATS: 22K278

| NAME | GENDER |
|---|---|
| LINDA SALAVIASEN | Female |

| STATUS | DATE OF BIRTH | OSI/OSCI CASE # |
|---|---|---|
| DEAN / TEACHER | | |

**STATEMENT**

ice cream line
While waiting on line for icecream, Arrani and a fellow classmate were clowning up around - touching and pushing one another. They were told to stop! They continued, and were both asked to get off the line and sit down. They went back to their tables. Arrani got icecream even when he was told not to.

isolated
During lunch we go out either even or odd side. One day the even side was called to go out. The doors are locked and alarmed after the last group of students. Arrani asked if he could go out and I said no the doors were locked already. He sat at his table with a few classmates and talked till the end of the period.

- talking / calling his name over the mic

**PREPARATION STATEMENT**

Statement by: Linda Salaviasen — Signature: [signature]

Date: 10/15/19 — Telephone Number:

Form Revision Date 7 26 2001

I need you to write a statement
about how things are in the cafeteria
like you just told me --
that you don't feel intimidated or
sat alone - or bullied by Ms.
Sakinvsin . — DiFranco

I can't write a statement as
my mother don't want me to
write them anymore

Mom seems to think you had a problem a couple of weeks ago with Ms. Skariwen - DiFranco

No - Amarri

Are you comfortable in the lunch room - DiFranco

Yeah - Amarri

Did you ever sit by yourself - DiFranco

NO - Amarri

Did anyone ever try to intimidate you - DiFranco

[illegible] Nobody intimidated me - Amarri

Ms. Salerisun ever intimidate you - DiFranco

No. Amarri

Bullied in Cafeteria - NO - Amarri

Bullied by Ms. Salerisun. NO - Amarri

| Insert Fax This Way | Do not send cover sheets |
|---|---|
| Do not write on back | Do not send multiple sheets at one time |

6817935

**New York City Department of Education**
**WRITTEN STATEMENT FORM**
FAX completed forms to (718) 935-5860
Created by: CENTRAL\KMoser2
ATS: 22K278

| NAME | | GENDER |
|---|---|---|
| | | |
| STATUS | DATE OF BIRTH | OSI/OSCI CASE # |
| | | |

**STATEMENT** Amari mother refuses for him to write a statement

ATTACHED IS A TRANSCRIPT of our conversation

**PREPARATION STATEMENT**

| Statement by: | Signature |
|---|---|
| Date: | Telephone Number: |

# School-Based Investigation Checklist

School: 22K278 Name of Subject: Linda Sakarijasen Case #: 19-10169X

Please check to indicate that you have included all of the required items below with this A-420/421 packet:[1]

✓ Notes reflecting victim interview (and victim's written statement, if prepared)

____ Statements of all individuals listed as witnesses

____ Copy of letter that informs subject of allegation made/sets meeting time/informs subject of right to Union representation (aka, the 48-hour notice)

✓ Notes reflecting subject interview (and subject's written statement, if provided)

____ Privacy acknowledgment (also known as non-retaliation agreement), if one was executed

____ A-420/421 Alleged Corporal Punishment/Verbal Abuse Incident Report, **Signed by Principal**

[signature] 10.15.2019

Principal's or Designee's Signature Date

**Please remember that you must submit the A-420/421 packet – including this checklist – and consult with your Senior Field Counsel before any disciplinary action is taken.*

[1] If you are conducting a school based investigation as a result of a referral from the Special Commissioner of Investigation, please disregard mention of "A-420/421" paperwork: your investigation does not require completion of this document.

NYC Department of Education

# OFFICE OF SPECIAL INVESTIGATIONS
# CORPORAL PUNISHMENT INTAKE FORM

**Submitted:** 10/8/2019 2:53PM **Printed:** 10/9/2019 2:58:50 PM

## Case Details

| | | | |
|---|---|---|---|
| **CPU/OSI Number** | **Incident Date** | **Incident Time** | |
| 19-10169X | 10/07/2019 | 10:20 AM | |
| **Allegation Nature** | **Description - Verbal** | **Description - Physical** | **Weapon Used** |
| Verbal | | | |
| **Police Notified** | **Precinct Number** | **Police Complaint Number** | **Employee Transferred** |
| No | | | |

## Subject Information

| Name | Title | Employee ID | Non-DOE Employee | No Employee ID |
|---|---|---|---|---|
| Linda Sakariasen | Teacher | | | |

## Incident Summary

Ms. Lysius states that her child Amarri Clemons was made to feel "bullied, isolated and intimidated during lunch". This occurred when Ms. Sakariasen has "called him over the loudspeaker".

## Complainant/Reporter Information

| | | | |
|---|---|---|---|
| **Name** | **Witnessed Incident** | **Relationship to Victim** | **Received Complaint From** |
| Dianna Lysius | No | Parent/Guardian | |
| **School Name** | | **District** | |
| **Address** | **City** | **State** | **Zip** |
| 1185 East 29th Street | Brooklyn | NY | 11229 |
| **Home Phone** | **Work Phone** | **Email** | |
| 646-210-7747 | | lysiusd@yahoo.com | |

## Victim Information

| | | | |
|---|---|---|---|
| **Name** | **Parent** | **Age** | **Grade** |
| Amarri Clemons | Diana Lysius | 11 | 06 |
| **Address** | **City** | **State** | **Zip** |
| 1185 East 29th Street | Brooklyn | NY | 11229 |
| **Home Phone** | **School Name** | **District** | |
| 646-210-7747 | IS 278 | 22 | |

## Witness Information

| | | | |
|---|---|---|---|
| **Name** | **Address** | **City** | **State** |
| | **Zip** | **Home Phone** | **Work Phone** |
| **Name** | **Address** | **City** | **State** |
| | **Zip** | **Home Phone** | **Work Phone** |